### RUSH et al. v. UNITED STATES
(three cases).
Civ. Nos. 1315–1317.

District Court of the United States,
M. D. Tennessee, Nashville Division.

April 23, 1953.

W. Barry Pendleton, Nashville, Tenn., and Stewart, McCary & Crownover, Nashville, Tenn., for plaintiffs.

Dick L. Johnson, U. S. Atty., Nashville, Tenn., for defendant.

DAVIES, District Judge.

The causes were submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiffs and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact.

1. The uncontradicted testimony of plaintiff Olin V. Rush establishes the fact that shortly before the collision in question plaintiff's car, driven by said Olin V. Rush, was proceeding generally south on Eighth Avenue North toward the intersection of said street with Monroe Avenue, and that as it approached said intersection, the traffic signal, which is suspended in the center of the crossing, was red for traffic on Eighth Avenue South.

2. In obedience to said signal, plaintiff's vehicle came to a full stop in the left or easternmost lane for southbound traffic, on its proper side of the road, since plaintiffs intended to turn left onto Monroe Street after the light had changed.

3. There were no southbound vehicles standing between plaintiff's vehicle and the intersection or traffic signal; that is, plaintiff's vehicle was the first car in its lane stopped for said signal.

4. As the said signal changed to green for traffic on Eighth Avenue North, plaintiff Olin V. Rush gave a proper hand signal of his intention to turn left onto Monroe Street by extending his left arm in a horizontal position out the window of his car.

5. After plaintiff's vehicle had partially completed its turn, and at a time when it was proceeding at a speed of about five miles per hour across said intersection and into Monroe Street, having passed to the right of the center point of the intersection, it was struck on its right side in the area of the door and front mudguard by the government vehicle, which was proceeding north through said intersection on Eighth Avenue North.

6. The government vehicle was, at the time of the collision, travelling at a speed of about twenty-five miles per hour.

7. As the government vehicle approached the said intersection, there was a line of traffic in the left or westernmost northbound lane consisting of at least two and possibly more vehicles, the first of which had signalled its intention to turn left westward into Monroe Street, and that in order to pass this line of cars, the government vehicle was traveling in the right or easternmost northbound lane with its right wheels upon a concrete apron which is used for parking purposes.

8. There was at least one and possibly more westbound vehicles on Monroe Street which had stopped or were stopping for the said traffic signal and which were between the vehicle driven by the witness Orbon K. Rooker and the said intersection.

9. At the time of the accident, the government vehicle was being driven by authority of the United States Army and for government use and purposes, as is admitted by the Government in its answers to certain of plaintiffs' interrogatories.

10. By stipulation of the parties, I find that the damage to plaintiff's vehicle, which was owned by plaintiff Olin V. Rush, was in the sum of Two Hundred Thirty ($230) Dollars.

11. On the basis of uncontradicted proof, I find that the personal injuries suffered by each plaintiff were substantially as claimed.

### Conclusions of Law.

■ 1. The sole proximate cause of the accident in question and the injuries sustained by plaintiffs in these cases was the negligence of the driver of the Army truck, Sgt. John F. Lillard.

2. Said driver was negligent in approaching and entering the aforementioned intersection at a speed of twenty-five miles per hour and at a time when said intersection was crowded with vehicles, such speed being excessive in the light of all the circumstances.

3. Said driver was further negligent in passing a northbound lane of traffic on its right side and in such fashion as to drive his vehicle partially upon a concrete apron which was not a part of the commonly used traffic lanes.

4. Said driver was further negligent in failing to yield the right-of-way to plaintiff's vehicle which was engaged in turning left into Monroe Street prior to the time when the government car entered said intersection.

■ 5. Said driver was at the time of this collision an agent and employee of defendant United States Government engaged in the discharge of authorized duties for the purposes and benefit of said defendant, and defendant is therefore liable as principal and employer for the aforementioned negligence of its agent and servant.

6. Plaintiffs and each of them were in no respect guilty of contributory negligence and their vehicle was being driven in a careful, lawful and prudent manner at the time of the accident.

7. Plaintiffs have suffered damages as follows:

(a) Plaintiff Olin V. Rush: Personal injuries Two Thousand Five Hundred ($2,-500) Dollars, property damage Two Hundred Thirty ($230) Dollars, making a total of Two Thousand Seven Hundred Thirty ($2,730) Dollars.

(b) Plaintiff Jessie Elizabeth Rush: Personal injuries One Thousand ($1,000) Dollars.

(c) Plaintiff Belinda Rush: Personal injuries Three Thousand ($3,000) Dollars.

Judgment accordingly.